# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINNELL JOHNSON, | Case No. 1:22-cv-00637-BAM (PC) |
| Plaintiff, | SCREENING ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS |
| v. | |
| CASTILLO, | (ECF No. 1) |
| Defendant. | |

Plaintiff Quinnell Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 27, 2022, is before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, California.  The events in the amended complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names Correctional Officer Castillo as the sole defendant.

Plaintiff alleges as follows:

On June 2, 2020, while incarcerated at CSATF, Building E-3, at approximately 11:00 a.m., Plaintiff approached the officer's booth and informed Defendant Castillo that Plaintiff had safety concerns due to excessive cell moves during the height of the COVID-19 pandemic.  After being told to turn around and "cuff up" by Defendant Castillo, Plaintiff was forcibly shoved in the back by Defendant Castillo, almost causing Plaintiff to lose his balance, without any provocation from Plaintiff.  After being handcuffed, and Defendant Castillo making statements expressing his displeasure of having to escort Plaintiff, Plaintiff was escorted by Defendant Castillo into building E-3's vestibule.  Once inside the vestibule, Defendant Castillo slammed the right side of Plaintiff's head into the wall of the vestibule multiple times.  While lying on top of Plaintiff in the vestibule, Defendant Castillo slammed Plaintiff's head into the floor of the vestibule multiple times, and breathed into Plaintiff's face heavily without wearing a face mask.

Plaintiff has experienced severe and ongoing pain and suffering on the right side of his head, swelling, headaches, vomiting, PTSD, nightmares, an unshakable fear of officers, depression, seizures, etc.

Plaintiff seeks punitive and compensatory damages.

### III. Discussion

#### A. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Castillo for slamming Plaintiff's head.

### IV. Conclusion and Order

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable claim against Defendant Castillo in violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED as follows:

1. This action shall proceed on Plaintiff's complaint, filed on May 27, 2022, (ECF No. 1), against Defendant Castillo for excessive force in violation of the Eighth Amendment; and

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **August 8, 2022**               /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE